## Brown et al. v. Chadwell.

(Decided April 26, 1938.)

. T. W. MANNING for appellants.

ROY W. HOUSE and A. D. HALL for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Claiming title both of record and by adverse possession, D. C. Chadwell brought suit against Margaret Brown and others to recover a tract of land in Clay county. The jury found for Chadwell, and the defendants appeal.

Elizabeth Root died the owner of the land claimed by both appellants and appellee. After her death, and

in the settlement of her estate, the land was sold in separate tracts. James Brown, appellant's ancestor, purchased one of the tracts and appellee, Chadwell, purchased the other. The land purchased by James Brown is described as follows:

"Beginning at 2 hickories standing on the dividing point between Henry House, now James Brown, and said Elizabeth Root on the left hand side of the road as you go down Horse Creek; Thence running with John Root's line up the creek to a black stump standing in said Elizabeth Root's field in the first branch above Root's house; thence running a straight line to the top of the ridge to a white oak, sourwood and spotted oak; thence with the dividing waters of Horse Creek and House Sugar Camp Branch to the said point; thence down same to the beginning containing 40 acres more or less."

The land purchased by Chadwell is described as follows:

"Beginning on a beech tree a corner to a 50 acre survey made for Sallie Laurena standing on the north side of Horse Creek, Thence a straight line to the top of the ridge on said north side of said Horse Creek, Thence with the dividing ridge between the waters of Horse Creek and Henderson House Branch, Thence with the line of the land purchased by said J. H. House of M. G. Cloud and wife to the main County Horse Creek road, Thence with the road to a Sugar tree standing by the side of the road at Rosses line, Thence with said Rosses line to the beginning, supposed to contain about fifty acres."

Counsel for appellant calls attention to the call in the Brown deed, "Thence running with John Root's line up the creek to a black stump standing in said Elizabeth Root's field in the first branch above Root's house," and argues that the controlling feature of the controversy is the correct location of that line, which is the northern line of a patent issued on March 10, 1826, to John Root, assignee, which line reads as follows:

"Thence S 82 W 83 poles to a stake thence S 22 W 40 poles to a stake thence S 25 E 20 poles crossing said creek to 2 beeches & line on the south bank of the same," etc.

The argument is that the proper way to locate tne third, fourth, fifth, and sixth corners of the Root patent, all of which are stake corners, is to reverse from the seventh corner, which is well known, and this results in locating the sixth corner on the first branch above the old Elizabeth Root house. It is then insisted that the court should fix the above location of the John Root line as a matter of law, or should have given an offered instruction telling the jury that the correct location of the northern line of the John Root patent was the issue to be determined, and that the correct way of locating that line was to reverse the course and distance from the nearest known and fixed corner, etc. Appellant's position is ably argued, but we encounter difficulties in applying that theory of the case. The southern boundary of the James Brown deed is fixed in a deed from G. M. D. Cloud and others to James H. House, dated September 27, 1870. In that deed we have the following:

> "Thence S 82 W to run to said line until it strikes a conditional line made between Maria Root and Eliza Root now Cloud and Mills, and Lizzie Root of color, which runs with the edge of the deadened timber with the branch to the wagon road; thence along said wagon road until it strikes the ford of Horse Creek to a sycamore and elm."

Two Root houses are referred to in the evidence, one known as the old Root homestead at the mouth of House branch, and the other belonging to Elizabeth Root, a colored woman. There are also two branches involved, one of some length above the old Root homestead and the other a smaller branch near the house of Elizabeth Root of color. Not only that, but in the deeds calling for the John Root line, we have only one line and one bearing. Looking at the evidence as a whole, we are constrained to the view that the proper location of the dividing line between the land of appellants and the land of appellee was a question of fact for the jury, and the court did not err in refusing a peremptory instruction, or in declining to give the instruction offered by appellants.

Appellee's evidence tended to show that for more than fifteen years he held the land under fence, and this evidence was sufficient not only to authorize an instruction on adverse possession, but to sustain the verdict.

Judgment affirmed.